IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEBAMOFF ENTERPRISES, INC., )
et al., )
 )
       Plaintiffs, )
 )
     v. ) No. 16 C 8607
 )
BRUCE RAUNER, et al., )
 )
       Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff Lebamoff Enterprises, Inc. (Lebamoff) allegedly operates wine retail stores in Indiana. Plaintiffs contend that Lebamoff, one of the Plaintiffs, has received requests from customers who moved to Illinois to sell and ship wine to Illinois. Plaintiffs also claim that Lebamoff has received requests from customers to send gifts of wine to Illinois residents. Lebamoff allegedly declined such offers due to the Illinois Liquor Control Act of 1934 (ILCA), 235 ILCS 5/1-1 *et seq.*, which Plaintiffs contend prevents Lebamoff from shipping wine directly to Illinois

1

consumers. Plaintiffs argue that 235 ILCS 5/5-1(d) and 236 ILCS 5/6-29.1(b) of ILCA are unconstitutional. Plaintiffs include in their complaint claims asserting violations of the Commerce Clause (Count I), and claims asserting violations of the Privileges and Immunities Clause (Count II). Wine and Spirits Distributors of Illinois have intervened in this matter as a Defendant. Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Commerce Clause Claims (Count I)

Defendants argue that Plaintiffs have not alleged facts that would indicate that ILCA violates the Commerce Clause. A state law may violate the Commerce Clause if it "mandate[s] 'differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter.'" *Granholm v. Heald*, 544 U.S. 460, 472 (2005)(quoting *Oregon Waste Systems, Inc. v. Department of Environmental Quality of Ore.*, 511 U.S. 93, 99 (1994))(explaining that "[t]he mere fact of nonresidence should not foreclose a producer in one State from access to markets in other States" and that "States may not enact laws that burden out-of-state producers or shippers simply to give a competitive advantage to in-state businesses"). However, the Twenty-first Amendment granted to the "States virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system." *Id.* at 488-89 (explaining that "[a] State

3

which chooses to ban the sale and consumption of alcohol altogether could bar its importation"). The Twenty-first Amendment was intended to provide States with authority to "maintain an effective and uniform system for controlling liquor by regulating its transportation, importation, and use." *Id.* at 484.

Plaintiffs argue that the challenged sections of ILCA are unconstitutional to the extent that they are applied to out-of-state alcohol retailers. While Plaintiffs address arguments in their brief, such as whether the Twenty-first Amendment overrides other portions of the Constitution, such arguments are mere red herrings. Plaintiffs' Commerce Clause claims as alleged in the complaint fail at the most basic starting point. Plaintiffs cannot show that ILCA provides for differential treatment of in-state and out-of-state economic interests. Under Illinois law, the sales of alcoholic liquors is funneled through a three-tier system. 235 ILCS 5/5-1. The Illinois Liquor Commission (Commission) is authorized to license: (1) manufacturers and primary U.S. importers, (2) distributors and importing distributors, and (3) retailers. 235 ILCS 5/5-1. In order the facilitate the controlled importation of alcohol into the state, ILCA authorizes the Commission to issue non-resident dealer licenses for out-of-state manufacturers and primary U.S. importers to import alcohol into the State for sale and delivery to Illinois licensed importing distributors. 235 ILCS 5/1-3.29. ILCA also allows in-state retailers to sell and ship alcohol by common carriers and parcel delivery services to Illinois consumers. 235 ILCS 5/5-1(d). Out-of-state retailers that operate outside the three-tier system are prohibited

from selling and delivering alcohol to Illinois consumers through various direct means. 235 ILCS 5/6-29.1(b).

In *Granholm*, the Supreme Court made clear that States can "assume direct control of liquor distribution through state-run outlets or funnel sales through the three-tier system." *Granholm*, 544 U.S. at 489 (stating that the Court had "previously recognized that the three-tier system itself is 'unquestionably legitimate'")(quoting *North Dakota v. United States*, 495 U.S. 423, 432 (1990)). While the Court in *Granholm* ultimately found the three-tier systems in question to be unconstitutional, the reason for such a finding was based on the preferential treatment accorded to in-state producers, which allowed them to circumvent the systems. *Id.* at 474-76.

The Illinois statutory scheme does not provide such exceptions for in-state retailers or differentiate between such retailers and out-of-state retailers. Under the statutory scheme in Illinois, all alcohol sold in Illinois by retailers directly to Illinois consumers must pass through the three-tier system. In Illinois, ILCA is in place to control the use of alcohol by regulating its transportation, importation, and sales. Unlike in-state-retailers who have obtained alcohol under the three-tier regulation system, certain out-of-state retailers such as Plaintiffs have not proceeded through the regulatory system in place to protect the Illinois public from harm. Plaintiffs' constitutional claims relating to unfair treatment is an attempt to circumvent the Illinois statutory scheme designed to protect the Illinois public. The Commission

has made findings as to the purpose of Section 6-29.1 of ILCA, stating that the section is necessary to help to limit problems such as automobile accidents, domestic violence, alcohol abuse, and underage drinking, and to collect revenue to address such social problems. 235 ILCS 5/6-29.1(a). The Illinois Legislature properly passed ILCA to protect the public, stating for example, that ILCA is to "be liberally construed, to the end that the health, safety, and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale, and distribution of alcoholic liquors." 235 ILCS 5/1-2. Out-of-State Plaintiffs' constitutional interests in conducting commerce within Illinois does not provide them with unfettered access to Illinois markets to prey on Illinois consumers and reap profits without regard to the health and welfare of the Illinois public without complying with Illinois' regulations and laws that are applicable to all.

To allow Out-of-State Plaintiffs to operate outside the three-tier system in Illinois, while in-state-retailers diligently operate within the regulatory system and help to limit the potential social problems connected with improper use of alcohol, would actually provide Out-of-State Plaintiffs with an unfair advantage over the in-state retailers rather than remove any self-perceived disadvantage to Plaintiffs. Plaintiffs' Commerce Clause claims in this action thus seek to foster unfair advantages in commerce, which is ironically contrary to the Commerce Clause.

Other Circuits have upheld the constitutionality of three-tier systems such as Illinois' system, and Plaintiffs have not pointed to any controlling precedent on point that would support their position or to any Circuit law which has ruled in the manner that they advocate. *See, e.g., Arnold's Wines, Inc. v. Boyle*, 571 F.3d 185, 191 (2d Cir. 2009)(finding that "New York's three-tier system treats in-state and out-of-state liquor the same, and does not discriminate against out-of-state products or producers"); *Wine Country Gift Baskets.com v. Steen*, 612 F.3d 809, 818-20 (5th Cir. 2010)(finding Texas three-tier system constitutional). ILCA is in place to protect the Illinois public and Plaintiffs have not shown that in-state entities and out-of-state entities are treated unequally. For the protection of the Illinois public, all alcohol sold directly to Illinois consumers must first pass through the three-tier regulatory system. The system ensures proper control and regulation of alcohol, and ensures the proper collection of revenues, which promotes the welfare of the Illinois public. Plaintiffs' complaint on its face fails to suggest any burden on interstate commerce or violation of the Commerce Clause. Defendants have shown that the challenged sections of ILCA are rationally related to a legitimate state interest. Therefore, Defendants' motion to dismiss the Commerce Clause claims is granted.

## II. Privileges and Immunities Clause Claims (Count II)

Defendants argue that Plaintiffs have failed to allege facts that suggest a violation of the Privileges and Immunities Clause. Although Plaintiffs present a

variety of arguments, their claims fail on their face at the most basic level. The Privileges and Immunities Clause analysis relating to "discrimination against out-of-state residents entails a two-step inquiry." *United Bldg. & Const. Trades Council of Camden Cty. & Vicinity v. Mayor & Council of City of Camden*, 465 U.S. 208, 218-19 (1984). The court must initially determine whether the governmental action "burdens one of those privileges and immunities protected by the Clause." *Id.* The Supreme Court of Illinois has made clear that "[t]he right to deal in intoxicating liquors is not an inherent right, but is always subject to the control of the State in the legitimate exercise of its police power." *Hornstein v. Illinois Liquor Control Comm'n*, 106 N.E.2d 354, 357 (Ill. 1952). Plaintiffs have not identified any interest in their complaint that would trigger the protections of the Privileges and Immunities Clause. Plaintiffs' allegations also do not indicate any disparate treatment. Plaintiffs allege that Plaintiff Joseph Doust (Doust) is unable to deal with Illinois consumers in violation of the Privileges and Immunities Clause. (Comp. Par. 22-28). Plaintiffs' allegations indicate that Doust is seeking to deal directly with Illinois consumers without proceeding through the three-tier regulatory system in place to protect the public welfare. Under Illinois law, no individual in Illinois or outside of Illinois possesses such a right. There are no allegations that would suggest that Doust is in any way prevented from obtaining the proper licenses and proceeding through Illinois' three-tier regulatory system. Therefore, Defendants' motion to dismiss the Privileges and Immunities Clause claims is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 8, 2017