**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Lebamoff Enterprises, Inc., et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No.  16-cv-08607 |
| v. | ) ) | Hon. William T. Hart |
| Donald G. O'Connell, et al, | ) ) | |
| Defendants, | ) ) | |
| Wine and Spirits Distributors of Illinois | ) ) ) | |
| Intervenor Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court after the close of discovery for consideration of two motions: (I.) the motion of defendants to disqualify Sean O'Leary and  bar him from testifying as a rebuttal expert  and (II.) the motion of defendants to strike, as untimely, plaintiffs' supplemental Rule26(A) disclosure of  Dr. Orley Ashenfelter, as an expert witness,  and  two rebuttal witnesses.

Plaintiffs are operators of a retail liquor store in Indiana and consumers of wine in Illinois.  This action was brought against the Illinois Governor and the  Illinois  Liquor Control Commissioners  in their official capacities  alleging that  Illinois Liquor Control law,  which prohibits the issuance of a retail sale liquor license to, and sales by, out-of-state sellers, violates the Commerce Clause by discriminating against out-of-state economic interests.  Wine & Spirts Distributors of Illinois is an intervening defendant.

 Essentially, this is an action against the State of Illinois attacking the application and effect of its liquor laws.  This court originally dismissed the case for failure to state

1

a claim, 2017 WL 2486084 (Der-Yeghiayan, J.). On appeal, the Court of Appeals held that the Indiana seller and the Illinois consumers stated a claim that Illinois statutes violated the dormant Commerce Clause and that the Twenty-first Amendment did not bar the Commerce Clause challenge. The case was remanded for trial. ***Lebamoff Enterprises, Inc. v. Rauner,*** 909 F. 3d 847 909 F. 3d 847 (2018).

## I.

Attorney Sean O'Leary, plaintiffs' proposed rebuttal expert, was chief legal officer for the Illinois Liquor Control Commission from 2016 to March 2018. In addition to his work as counsel for the Commission he has written, consulted and spoken widely on the subject of beverage industry regulatory problems. O'Leary has not been consulted as an expert by the Commission and has not been of record as an attorney for the defendants in this case nor on appeal to the Seventh Circuit Court of Appeals. This litigation has been defended by staff of the Illinois Attorney General and staff of the Illinois Solicitor General. It is conceded, however, that early in the litigation, O'Leary had discussions with the assigned defense attorneys about the now outdated motion to dismiss and the presentation of argument in the Court of Appeals.

O'Leary left the Commission in March 2018. The Court of Appeals decided and remanded the case in November 2018. On remand, fact discovery began in early 2019 and was completed this year. It is not alleged that Mr. O'Leary ever had any confidential meetings with any of the defendants or participated in any aspect of discovery. Discovery has related to the public operation of the Commission, the application of Illinois liquor laws to public health and safety, revenue issues and the nature of liquor distribution business in Illinois and elsewhere. The subjects appear to be matters of public information and knowledge. Defendants have not suggested

2

otherwise.

In January of 2020, defendants disclosed an expert report from Dr. William Kerr an economist who has studied the beverage industry. His data and opinions relate to the operation of Illinois liquor control practices and impact on public health safety in Illinois. His report analyzes public data. Plaintiffs referred the Kerr report to Mr. O'Leary for examination. Mr. O'Leary produced a report which disputes the Kerr report. Plaintiffs seek to present O'Leary in rebuttal to Dr. Kerr. Defendants have not pointed to any part of the O'Leary report as based on confidential information.

Disqualification of an expert is a drastic measure which courts should hesitate to impose except when absolutely necessary. ***Owen v. Wangerin,*** 985 F. 2d 312, 317 (7th Cir. 1993). There must be solid evidence to support the allegation of conflict. ***Philips Med. Sys. Int'l B.V. v. Bruetman,*** 8 F. 3d 600, 606 (7th Cir.1993). This is a demanding standard which must be applied to avoid the exclusion of relevant evidence and an incomplete record. Rebuttal evidence should only be excluded when clearly required.

The parties disagree as to the correct standard to determine the possible disqualification of Mr. O'Leary - as an expert or as a lawyer. Experts are sources of information and opinions and ideally are not advocates. However, there is overlap. Both standards focus on conflict of interest and the importance of protecting against the disclosure of confidential information. Each standard will be considered.

When a party seeks to disqualify a proposed expert based on a conflict of interest arising from the fact that the proposed expert has acquired confidential information from that party, the party must show (1) that the party had confidential relationship with the proposed expert, (2) that the proposed expert was exposed to confidential information that is relevant to the instant action, and (3) that there is a close relationship between the

3

confidential information acquired and the matters to which the expert is expected to testify. *Dyson, Inc. v. Bissell Homecare, Inc.,* 951 F. Supp. 2d 1009, (N.D. Ill. 2013); *Allstate Ins. Co. v. Electrolux Home Products, Inc.,* 840 F. Supp. 1072, 1078 (N.D. Ill. 2012); *Miller v. Lenz,* 2009 WL 3172151 at *2 (N.D. Ill.).

Also, this and other federal courts have adopted, as rules governing attorney ethics and conduct, the Model Rules of Professional Conduct of the American Bar Association. See N. D. Ill L. R. 83.50. Model Rule 1.11 entitled " **Special Conflicts of Interest for Former and Current Government Officers and Employees**" is applicable.

Rule 1.11 states, in part:

(a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:

(1) is subject to Rule 1.9 (c); and

(2) shall not otherwise represent a client in connection with a matter in which the the lawyer participated personally and substantially as a public officer or employee, ***

(c) Except as law may otherwise permit, a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this Rule, the term "confidential government information" means information that has been obtained under governmental authority and which, at the time the Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public. ***

Rule 1.11 Comment [8] provides:

Paragraph (c) operates only when the lawyer has knowledge of the information, which means actual knowledge; it does not operate with respect to information that merely could be imputed to the lawyer.

The parties do not contest that, as a lawyer, a confidential relationship existed

between the Commission and Mr. O'Leary for a time early in this litigation. However, it is contended that his participation was not "personal and substantial" and that he did not acquire "confidential government information."

Mr. O'Leary's early discussions with the attorneys representing the Commission about the now irrelevant motion to dismiss cannot reasonably be described as a " personal and substantial" participation in this case. Nor has it been shown that Mr. O'Leary acquired from the Commission or any " confidential government information" meaning nonpublic or privileged information or any information which could be used to the "material disadvantage" of the defense. The Rule does not operate with respect to public information "that merely could be imputed" because of O'Leary's position. Moreover, an examination of O'Leary's report indicates that his testimony would relate to public matters which are "otherwise available to the public" in response to the Kerr presentation and report, which is also based on public information. It has not been shown that Mr. O'Leary must be disqualified as a rebuttal witness in this case.

II.

Discovery closed in this case on February 28, 2020. On March 4, 2020 plaintiffs submitted Supplemental Rule 26(A) disclosures identifying Dr. Orley Ashenfelter, an economist, William Tapella, a wine consumer from Charleston, Illinois, Paul Henry, a wine consumer from Metropolis, Illinois, as additional witnesses. Plaintiffs have answered that they do not intend to call Dr. Ashenfelter. They do not object to an order barring him from testifying. They oppose barring Tapella and Henry from testifying.

Plaintiffs state that Tapella and Henry are rebuttal witnesses who would be called if the defendants defend against the Commerce cause complaint by presenting evidence that wine is readily available and commerce is not burdened by the ban against interstate

shipping.

Ordinarily, rebuttal witnesses are not required to be disclosed by discovery deadlines. Rule 26(a)(1)(a)(i). ***Wilson v. AM General Corp.,*** 167 F. 3d 114, 1122 (7th Cir. 1999); ***Dbiasio v. Illinois Cent R.R.,*** 52 F. 3d 678, 686 (7th Cir. 1995). Moreover, the delay has not been substantial. However, defendants may timely depose these witnesses if they desire.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The motion to bar the testimony of Sean O'Leary is denied.

2. The motion to bar the testimony of Dr. Orley Ashenfelter is granted.

3. The motion to bar the testimony of William Tapella and the testimony of Paul Henry is denied. Defendants may timely depose these witnesses.

4. This case is set for a hearing on status on June 4, 2020 at 2 P.M.


ENTER:                    /s/ <u>William T. Hart</u>
                              United States District Judge


Date: April 30, 2020