IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lebamoff Enterprises, Inc., et al. | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 16 C 8607 |
| | ) | |
| v. | ) | |
| | ) | Judge William T. Hart |
| Donald G. O'Connell, et al. | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are the operators of a retail liquor store in Indiana and the consumers of wine in Illinois. This action was brought against the Illinois Governor and the Illinois Liquor Control Commissioners in their official capacities alleging that Illinois Liquor control law and regulations, which prohibits the issuance of a retail sale liquor license to, and sales by, an Indiana retail liquor seller violates the Commerce Clause by discriminating against out-of-state economic interests.

This court dismissed the case for failure to state a claim, ***Lebamoff Enterprises v. Rauner,*** 2017 WL 2486084 (Der-Yeghiayan, J.). On appeal, the Court of Appeals held that the Indiana seller and the Illinois consumers stated a claim that Illinois statutes violated the dormant Commerce Clause and that Section 2 of the Twenty-first Amendment did not bar the Commerce Clause challenge.

The case was remanded for trial. *Lebamoff Enterprises, Inc. v. Rauner,* 909 F. 3d 847 (2018).(***"Lebamoff"***)

The case is now before the court on the motions of the parties to strike experts reports and bar the testimony of three witnesses identified as experts within the meaning of Federal Rule of Evidence ("FRE") 702. The motions are the defendants' and intervenor-defendant's motions to bar the testimony of Sean O'Leary and Tom Wark and the plaintiff's motion to bar the testimony of William Kerr.

Before considering the pending motions to exclude expert testimony it is necessary to consider that this case was remanded by the Court of Appeals for trial with instructions concerning the questions to be considered. The Court stated as follows:

(T)here are "material contested issues about the necessity for and justifications behind the Illinois statue." ***Lebamoff***, p. 3.

These restrictions ensure that all liquor sold to consumers at tier three is first funneled through the top two tiers. ***Lebamoff,*** p. 4.

Illinois-licensed retailers may ship to customers statewide, unless local law stands in the way. Taken as a whole, Illinois's laws establish the difference in treatment that is at issue in this suit: in-state retailers can obtain a license to ship products to Illinois consumers, but out-of-state retailers cannot, for the simple reason that they are out-of-state and so by definition do not satisfy the physical-presence requirement. ***Lebamoff***, p. 5.

Even assuming (counterfactually) that section 6-29.l(b)'s shipping ban is

2

facially even-handed, we must still contend with section 6-2 and 5-1(d), whose licensing requirements are not so benign. 235 ILCS 5/5-1, 5/6-2. Limiting licenses to in-state storefronts might make sense if all sales had to be on an in-person basis. The great majority of out-of-state retailers would have no use for such a license, and the failure of the state to offer it would raise no eyebrows. But once the license allows a store to ship product anywhere within the state, refusing to extend the privilege to out-of-state businesses is facially discriminatory. ***Lebamoff***, p. 8-9.

By allowing statewide *shipments*, Illinois has signaled that it is not quite concerned about face-to-face sales. At the same time, it has made its retailer licenses attractive to out-of-state businesses while barring those businesses from obtaining a license solely on the basis of state residency. ***Lebamoff***, p. 14

We must examine "whether the interests implicated by a state regulation are so closely related to the powers reserved by the Twenty-first Amendment that the regulation may prevail notwithstanding that its requirements directly conflict with express federal policies." *Byrd,* 883 F. 3d at 614 (quoting *Bacchus*, 468 U.S. at 275-276). ***Lebamoff,*** 14-15.

[The district court] should have asked whether Illinois has justified requiring an in-state presence for retailers now that it allows state-wide mail-order sales. ***Lebamoff,*** p. 15

[T]he Illinois statute itself shows why evidence is crucial to evaluate the constitutionality of the statute. The interstate shipment provision decries "direct marketing" of liquor as a "serious threat" not only to the health of the state residents, but also "to the economy of the state." 235 ILCS 5/6-29.1 (b). The first reason touches the core of the Twenty-first Amendment, while the second smacks of protectionism. Interestingly, Illinois previously allowed out-of-state wine retailers to make sales by shipment. See 235 ILCS 5/6-29 (1991) (affording reciprocal wine shipment privileges). Illinois must show why its restrictions are necessary to further the first objective, and not just the second. ***Lebamoff***, p. 15.

If Illinois can limit the dangers of mail-order sales through other requirements, why does it need to discriminate against interstate commerce and flatly bar out-of-state retailers from obtaining a license? ***Lebamoff,*** p. 16.

[T]his case involves state-wide deliveries and a statute that frankly admits some degree of protectionist intent. On remand, the parties can further explain how these differences in Illinois law should weigh on the scales. ***Lebamoff,*** p. 17.

The Court of Appeals opinion provides guidance to this court and the parties concerning the nature of the evidence and practices to be considered. Acceptable expert evidence will center on alcoholic beverage industry practice and alcoholic regulatory practice. The testimony must be based on "sufficient facts or data" and the " product of reliable principles and data" or based on "specialized knowledge"as required by FRE 702. Persons who are experts in this industry or regulatory field must prove to have knowledge and information which will be relevant to the issues before the court and helpful to determine an issue before the court. Such information can be obtained by every-day practical experience, by industry or a regulatory experience or by skilled research and investigation of the issues to be considered.

Admissibility of expert testimony is determined in a three-step analysis of the qualification of the witness, the methodology used to reach conclusions and the relevancy of the evidence. ***Gopalratnam v. Hewlett-Packard Co.,*** 877 F. 3d 771,779 (7th Cir. 2017). The three step analysis applies to both scientific testimony and testimony based on "specialized knowledge."

The ***Daubert*** factors: testing, peer review, error rates and acceptability of

methodology in the scientific community apply to scientific, engineering and other technical testimony. ***Daubert v.Merrell Dow Pharmaceuticals,*** 590 U.S. 578, 590 n.8 (1993); ***Kumho Tire Co. Ltd. v. Carmichael,*** 526 U.S. 137, (1999). The expert reports before the court do not indicate reliance on scientific or technical methods, models or hypothesis calling for consideration of *Daubert* factors.

Plaintiffs' proposed expert, Sean O'Leary is the former chief legal counsel for the Illinois Liquor Control Commission. He is president of a firm which specializes in liquor regulatory issues. He has been a frequent speaker on, and author of publications on, liquor-control regulatory topics.

Plaintiffs' proposed expert Tom Wark is the Executive Director of the National Association of Wine Retailers and has been in the wine retail industry for 25 years. He has submitted two reports: a description and analysis of online sales and shipping practices in the retail liquor business and the regulatory environment within which retail sales are conducted and a rebuttal report relating to some aspects of the defense expert's report.

Defendants' expert William Kerr is a scholar in the field of public health and alcohol regulation. He has a Ph.D in Economics. He has focused on the efficacy of tax and governmental regulations to curb alcohol consumption. He has authored or co-authored articles on alcohol-related topics and the effectiveness of

5

alcohol control policies and regulations.

Each of the designated experts is qualified to testify about one on more aspects of the issues identified by the Court of Appeals in **Lebamoff.** Most of the adverse contentions of the parties, as stated in memoranda submitted in support of the motions to strike and bar testimony, are topics for possible cross-examination at trial which may be conducted to attack the weight to be given to the proposed testimony. Accordingly, Each of the motions to strike and bar testimony will be denied.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Defendants' and Intervenor-Defendant's motion to strike portions of Sean O'Leary's expert report and bar his opinions at trial (Dkt. 117) is denied.

2. Defendants' and Intervenor-Defendant's motion to strike portions of the expert reports and opinions of Tom Wark (Dkt. 119) is denied.

3. Plaintiff's motion to strike the expert report of William Kerr and bar him from testifying at trial (Dkt. 123) is denied.

ENTER:

/s/ William T. Hart
United States District Judge

Date: October 20, 2020